UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,
vs.

DIZIO LLC d/b/a Farinelli 1937, and
COMMODORE CORNER, LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant Dizio LLC doing business as Farinelli 1937 and Defendant Commodore Corner, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant Dizio LLC and Defendant Commodore Corner, LLC are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

**PARTIES**

4. Plaintiff Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Dizio LLC (also referenced as "Defendant Dizio," "operator," or "lessee") is a Florida limited liability company. Defendant Dizio is the owner and operator of the Farinelli 1937 restaurant.

6. Defendant Commodore Corner, LLC (also referenced as "Defendant Commodore Corner," "owner," or "lessor") is a Florida limited liability company which is the owner of commercial real property identified as Folio 01-4121-047-0340, located at 3197 Commodore Plaza, Miami, Florida 33133 which is built out as a restaurant operating as the subject Farinelli 1937 restaurant.

**FACTS**

7. At all times material hereto, Defendant Commodore Corner has leased its commercial property to Defendant Dizio who in turn has operated (and continues to operate) its Farinelli 1937 restaurant within that leased space.

8. Defendant Dizio's Farinelli 1937 restaurant is an upscale pizzeria restaurant located at 3197 Commodore Plaza, Miami, Florida 33133 and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Farinelli 1937

restaurant which is the subject to this action is also referred to as "Farinelli restaurant," "restaurant," or "place of public accommodation."

9. As the owner/operator of a restaurant which is open to the public, Defendant Dizio is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. Due to the close proximity to Plaintiff's home to the Farinelli restaurant, on April 30, 2022, Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

11. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while testing/dining within the restaurant.

12. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of the Farinelli restaurant (Defendant Dizio) and by the owner of the commercial property which houses the restaurant (Defendant Commodore Corner).

13. As the owner and operator of the Farinelli 1937 restaurant, Defendant Dizio is aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of commercial property which is built out and utilized as a restaurant open to the general public, Defendant Commodore Corner is also defined as a

3

"Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

15. As the owner of commercial property which is built out as a restaurant open to the public, Defendant Commodore Corner is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test the Farinelli restaurant, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time.

Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Farinelli restaurant with the intention of patronizing that restaurant to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Commodore Corner and Defendant Dizio have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Farinelli restaurant in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Farinelli restaurant.

5

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. Defendant Commodore Corner's commercial property, which houses Defendant Dizio's Farinelli restaurant, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), Plaintiff had difficulty using the bar counter, as it is mounted too high and there is no lower portion of the bar counter provided for the use of the patrons. This is a violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.2 of the ADAAG, and Section 902.3 of the 2010 ADA Standards for Accessible Design which states that tops of dining surfaces and work surfaces must be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

   ii. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), Plaintiff was

6

       unable to sit in the interior or exterior of the restaurant and enjoy a meal due to the failure to provide the required knee clearance as required by Section 4.32.4 of the ADAAG and 2010 ADA Standards for Accessible Design Sections 226 and 902 which require that all dining areas be accessible in clear floor/ground space, size and height.

iii. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), Plaintiff was unable to sit in the interior or exterior of the restaurant and enjoy a meal due to the fact that the restaurant has not provided a sufficient number of accessible dining seating and surfaces. Specifically, Section 226.1 requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces must comply with Section 902. Section 902.2 requires the provision of accessible knee and toe clearance.

iv. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), Plaintiff had difficulty opening the restroom door to the right side unisex accessible restroom, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is in violation of Section 4.13.11 of the ADAAG and Section 404.2 of the 2010 ADA Standards for Accessible Design. Section 4.13.11(2)(b) states that the maximum force for pushing or pulling open an interior hinged door is 5 lbs. (22.2N). Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds

maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

v. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the right side unisex accessible restroom, Plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. This is a violation of Section 4.2.5 of the ADAAG which states that the (unobstructed) maximum high forward reach allowed shall be 48 in (1220 mm) (as depicted at Fig. 5 (a)), and the minimum low forward reach shall be 15 in (380 mm). This is also a violation of Section 308.2.1 of the 2010 ADA Standards for Accessible Design, which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

vi. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the right side unisex accessible restroom, Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (furniture chair and cabinet), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures. This is also in violation of Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance

       shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

vii.    As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the right side unisex accessible restroom, Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the side wall. This is a violation of Section 4.16.2 of the ADAAG and Section 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall to the center line of toilet. The side wall mount shall be either mounted 18 min (455 mm) from the side wall to the center line of toilet or min (1065 cm) from the side wall to the center of the toilet.

viii.    As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the right side unisex accessible restroom, Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum and located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

ix.    As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the right

       side unisex accessible restroom, Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is mounted outside the required distance of the water closet in violation of Section 4.16.6 and Fig. 29 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finished floor and shall not be located behind grab bars.

x. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the right side unisex accessible restroom, Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance due to the encroaching item, as the trash can encroaches over the required knee clearance. This is a violation of Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design. Section 4.19.3 states that clear floor space must comply with Section 4.2.4 and allow for a forward approach in front of a lavatory shall be provided with dimensions of: 30 in by 48 in (760 mm by 1220 mm). Section 606.2 states that clear floor space must comply with Section 305 (30 inches minimum by 48 inches minimum) positioned for a forward approach. The trash bin encroaches over this clear floor space.

xi. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the right side unisex accessible restroom, Plaintiff could not use the soap dispenser without assistance, as the lavatory soap dispenser is not mounted at the required location in violation of 28 C.F.R. Part 36. The soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5 (Fig 5) of the ADAAG. This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

xii. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the right side unisex accessible restroom, Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required location. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finished floor or ground and 308.2.2 which states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. This is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows

11

        forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

xiii. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the right side unisex accessible restroom, Plaintiff could not use the lavatory mirror as the lavatory mirror is mounted too high. This is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

i. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), Plaintiff had difficulty opening the restroom door to the left side unisex accessible restroom, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 of the ADAAG and 2010 ADA Standards for Accessible Design Sections 404.2.7, 309.4, 404.2.9, and 404.2.8.1. Full delineation of violations is provided at subsection (iv).

ii. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the left side

unisex accessible restroom, Plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. This is a violation of Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design. Full delineation of violations is provided at subsection (v).

iii. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the left side unisex accessible restroom, Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (furniture chair and cabinet), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG and Section 604.3.1 of the 2010 ADA Standards for Accessible Design. Full delineation of violations is provided at subsection (vi).

iv. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the left side unisex accessible restroom, Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design. Full delineation of violations is provided at subsection (viii).

v. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the left side unisex accessible restroom, Plaintiff could not flush the toilet without assistance, as the toilet water closet flush control is toward the side wall which is in violation of

    Section 4.16.5 of the ADAAG which states that flush controls shall be mounted on the wide side of toilet areas no more than 44 in (1120 mm) above the floor and shall comply with Section 4.27.4 in that they shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The non-compliant flush control is also in violation of Section 604.6 of the 2010 Standards for Accessible Design which states that flush controls shall be located on the open side of the water closet (except in ambulatory accessible compartments complying with Section 604.8.2).

vi. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the left side unisex accessible restroom, Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is mounted outside the required distance in front of the water closet in violation of Section 4.16.6 and Fig. 29 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Full delineation of violations is provided at subsection (ix).

vii. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the left side unisex accessible restroom, Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance due to the encroaching trash can, as the trash can encroaches over the required knee clearance. This is a violation of Section 606.2 of the 2010 ADA Standards for Accessible Design and Section 4.19.2 of the ADAAG Full delineation of violations is provided at subsection (x).

viii. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the left side unisex accessible restroom, Plaintiff could not use the lavatory sink without assistance, as the lavatory sink is mounted too high. The appropriate height must be 27" (685 mm) high, the width should be 30" (760 mm) wide, and the depth underneath the sink should be 19" (485 mm). The lavatory sink is mounted over the required height to the top of the counter above the finished floor in violation of the requirements in Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface no higher than 34" (865 mm) above the finished floor. This is a violation of Sections 606.2 and 606.3 of the 2010 ADA Standards for Accessible Design. Section 606.2 which requires compliance with Section 306.3 (Fig. 306.3) and Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34" above the finished floor.

ix. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the left side unisex accessible restroom, Plaintiff could not use the soap dispenser without assistance, as the lavatory soap dispenser is not mounted at the required location in violation of 28 C.F.R. Part 36. The soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5 (Fig 5) of the ADAAG. This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches

15

(1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground. Full delineation of violations is provided at subsection (xi).

x. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the left side unisex accessible restroom, Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required location. This is a violation of Section 308.2.1 of the 2010 ADA Standards for Accessible Design and Section 4.2.5 (Fig 5) of the ADAAG. Full delineation of violations is provided at subsection (xii).

xi. As to Defendant Dizio (operator of the restaurant) and Defendant Commodore Corner (owner of the commercial property) (jointly and severally), as to the left side unisex accessible restroom, Plaintiff could not use the lavatory mirror as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design. Full delineation of violations is provided at subsection (xiii).

28. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants have been required to make the commercial property and the Farinelli restaurant operated therein accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order to alter the commercial property and the

Farinelli restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Commodore Corner, LLC (owner of the commercial property) and Defendant Dizio LLC (operator of the Farinelli restaurant located within the commercial property) and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Farinelli restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 18th day of July, 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*